NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13536

IN THE MATTER OF AN IMPOUNDED CASE.


July 8, 2024.


Supreme Judicial Court, Superintendence of inferior courts.
     Juvenile Court.  Due Process of Law, Hearing, Care and
     protection of minor.  Practice, Civil, Care and protection
     proceeding.



     The two petitioners in this case, parties in separate and
unrelated G. L. c. 119, § 24, proceedings in the Suffolk County
Division of the Juvenile Court (Boston Juvenile Court), appeal
from a judgment of a single justice of this court denying their
petition for relief pursuant to G. L. c. 211, § 3.  We affirm.

     Background.  In their petition, the petitioners asked the
court to order the Boston Juvenile Court to vacate its policy
for the filing and scheduling of nonemergency motions in that
court.  More specifically, the petitioners argued that the
policy is inconsistent with Rule 7(D) of the Juvenile Court
Rules for the Care and Protection of Children (2018), and
violates the parties' due process rights to be heard "in a
meaningful time."[1]  Essentially, in the petitioners' view, the

_____

     [1] Rule 7 of the Juvenile Court Rules for the Care and
Protection of Children governs the service and form of papers
filed in that court.  Paragraph (D) of that rule, governing
notice, provides in relevant part that

     "[a]ll motions other than those which do not require a
     hearing shall be scheduled by the court in accordance with
     procedures established by the court division.  A written

various steps required by the Boston Juvenile Court policy for filing and scheduling nonemergency motions causes lengthy delays in resolving motions in that court, harming children and parents in the process.  The petitioners also averred that no other Juvenile Court division requires the parties to proceed in the same way.  The single justice denied the petition without a hearing, and the petitioners appeal.

The policy in question, which applies only to nonemergency motions, requires the following.  Counsel for the moving party confers with counsel for the other parties to determine multiple dates when all parties would be available for a hearing on the motion.  Moving counsel then completes an "advancement form" that includes the dates when all parties are available and submits the form to the judicial secretary.[2]  The secretary gives the form to the judge assigned to the case who then reviews the proposed dates and selects a date for a hearing on the motion on the basis of the judge's availability.  If the judge is not available on any of the proposed dates, the judicial secretary contacts moving counsel with additional dates proposed by the judge.  After moving counsel confirms availability with all counsel, the judicial secretary notifies the judge, who then signs the advancement form.  The judicial secretary then brings the form with the chosen date to the clerk's office for docketing, and also returns the form to counsel.

The petitioners argue that the policy regularly leads to weeks- or months-long delays in resolving motions.  One of the petitioners filed a motion for relief from judgment pursuant to Mass. R. Civ. P. 60 (b) (5) and (6), 365 Mass. 828 (1974), seeking a certain number of parent-child visits per year pending resolution of certain appeals.  Approximately four months

motion, . . . and notice of the hearing of the motion, shall be served pursuant to paragraph E of this rule [governing manner of service], no later than seven days prior to the hearing.  When service is made by mail, the motion and notice of the hearing shall be served no later than ten days prior to the hearing."

[2] The petitioners state that the policy requires moving counsel to provide five dates on the advancement form when all parties are available.  In practice, it appears that proposing five dates may not be required but is recommended to increase the chances that the judge will be available on one of the proposed dates.

elapsed between the date that petitioner's counsel first contacted counsel for the other parties regarding their availability for a hearing and the date of the hearing on the motion. For the other petitioner, who filed a motion for a determination that the Department of Children and Families had not made reasonable efforts to reunify the petitioner's family, a similar amount of time -- approximately four months -- elapsed between the date of the petitioner's motion and the scheduled hearing date.[3]

Discussion. "The Due Process Clause requires provision of a hearing 'at a meaningful time.'" Care & Protection of Martha, 407 Mass. 319, 330 (1990), quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 547 (1985). In some circumstances, "an extraordinary and prejudicial delay . . . could rise to the level of a violation of due process." Id. Ultimately, whether a delay violates due process varies with context. See Care & Protection of Robert, 408 Mass. 52, 58 (1990), citing Spence v. Gormley, 387 Mass. 258, 274 (1982).

It appears that the delays experienced by the petitioners are not representative. The data included in the record, in fact, as the petitioners themselves note, indicate that the number of days between the date an advancement form is submitted and the scheduled hearing date usually ranged from thirteen to twenty-three days. While some movants wait longer, we are not persuaded that the policy as a whole, and the scheduling procedure, leads to "extraordinary and prejudicial" delays that violate due process.

As the respondent suggests, it is not clear that it is the policy itself that sometimes leads to delays. The Boston Juvenile Court has determined that, given the number of parties often involved in care and protection or other child welfare proceedings, requiring moving counsel to confer with all other involved counsel regarding availability and then proposing a number of possible dates to the judge is the most efficient way to schedule hearings for nonemergency motions. Although the process for submitting the advancement form has changed over time, the over-all process for scheduling hearings for nonemergency motions has remained the same since at least the 1990s. In a previous iteration, for example, when counsel

---

[3] Shortly before the hearing date, the Department of Children and Families notified the petitioner of a plan to work toward reunification, and the petitioner therefore asked the court to hold the motion in abeyance.

tended to be at the court house in person more often, prior to the COVID-19 pandemic, counsel for the moving party might more easily be able to confer with other counsel and then could obtain a judge's approval by going to the judge's court room. Where the parties and the court have difficulty finding a mutually available hearing date, there is no indication that the policy violates due process.

As to the petitioners' argument that the policy is inconsistent with rule 7(D), we disagree. Pursuant to the rule, any motion that requires a hearing "shall be scheduled by the court in accordance with procedures established by the court division." The rule also provides that the motion and notice of a hearing must be served no later than seven days prior to the hearing (or ten days, if service is made by mail). The rule, in other words, provides a minimum notice period, but it leaves the scheduling of the motions up to each court division. The petitioners argue that sometimes the judicial secretary notifies counsel for the moving party of the hearing date less than seven days in advance, and that counsel is therefore unable to comply with the requirements of the rule to serve the motion and notice of the hearing at least seven days in advance. But, where counsel for the moving party must confer with all other counsel regarding possible hearing dates for purposes of the advancement form, all parties are on notice of the possible dates well before the judicial secretary confirms the final date.

Conclusion. The single justice did not err or abuse his discretion in denying relief.

Judgment affirmed.


Ann Balmelli O'Connor, Committee for Public Counsel Services, for the petitioners.
Julie E. Green, Assistant Attorney General, for the respondent.